## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BETHANY WESTOVER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| TURNER AUTOMOTIVE CORP., | ) | **JURY TRIAL DEMANDED** |
| d/b/a TURNER KIA, | ) | |
| | ) | *Electronically Filed* |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Bethany Westover, a resident of York County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendant, TURNER AUTOMOTIVE CORP., d/b/a TURNER KIA, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331, 1343, and 1367.

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

1

## THE PARTIES

3.     Plaintiff, Bethany Westover ("Ms. Westover"), is a female adult individual residing in York County, Pennsylvania.

4.     Defendant, Turner Automotive Corp., d/b/a Turner Kia ("Defendant"), is a Delaware corporation with headquarters located at 4201 Chambers Hill Road, Harrisburg, Dauphin County, Pennsylvania.

5.     At all times relevant and material hereto, Defendant operated the Turner Kia car dealership located at 4201 Chambers Hill Road, Harrisburg, Dauphin County, Pennsylvania.

## ADMINISTRATIVE PROCEEDINGS

6.     On or about July 12, 2018, Ms. Westover filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Case No. 530-2018-04744, and cross-filed with the Pennsylvania Human Relations Commission.

7.     Ms. Westover has been advised by the EEOC of her right to sue in federal court, which notice was received on or about February 15, 2019.

8.     All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

9.      Ms. Westover, an American female of Vietnamese descent, was hired to work for Defendant on or about April 17, 2018, as a Service Technician at Defendant's car dealership in Harrisburg, Pennsylvania.

10.      Defendant operates its business as a Kia dealership, and sells primarily Kia vehicles.  Kia is a South Korean automaker.

11.      At all times material hereto, Ms. Westover was Defendant's only Vietnamese employee at the dealership.

12.      During her tenure with Defendant, Ms. Westover was subjected to a racially hostile work environment by her co-worker, Mike Vandervalk, who regularly and repeatedly used the racial epithet "gook."

13.      More specifically, Mr. Vandervalk would refer to Defendant's vehicles as "gook cars" composed of "gook parts."

14.      Mr. Vandervalk was well aware of Ms. Westover's race and she repeatedly told him to stop using the racially offensive language.

15.      In or around the end of May 2018, Ms. Westover began complaining to Kia Turner's Service Manager, Tim Doupe, of Mr. Vandervalk's racially hostile comments.

16.    Mr. Doupe acknowledged Ms. Westover's complaints but did nothing to correct Mr. Vandervalk's behavior and remediate the racially hostile work environment.

17.    Ms. Westover reported Mr. Vandervalk regularly for nearly two (2) weeks, and even discussed resignation with Mr. Doupe, who asked her to reconsider, but still did nothing to correct the racially hostile work environment.

18.    In addition to the above, Ms. Westover was subjected to discrimination on the basis of her sex by Defendant's Service Advisor, Bill Price, who was frequently rude to her and treated her differently than the similarly situated male Service Technicians.

19.    Ms. Westover also reported Mr. Price's sex-based discrimination in the same manner as she reported the aforementioned race discrimination, but Mr. Doupe again took no affirmative actions to protect Ms. Westover.

20.    Ultimately, on or about June 12, 2018, Ms. Westover resigned her position with Defendant because of Defendant's failure to correct the racially hostile work-environment created by Mr. Vandervalk and the sex discrimination of Mr. Price.

21.    Defendant violated of Title VII of the Federal Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, as amended, 42 U.S.C. §1981,  and the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. § 951, et seq. (the "PHRA"),

by discriminating against Ms. Westover and treating her differently than her Caucasian co-workers, all on the basis of her race and national origin.

## COUNT I

### TITLE VII VIOLATIONS
### Race Discrimination/Harassment

22.    All prior paragraphs are incorporated herein as if set forth fully below.

23.    Ms. Westover was subjected to discrimination on the basis of her Vietnamese race in violation of Title VII.

24.    Defendant violated Title VII by failing to correct the racially hostile work environment created by Mr. Vandervalk's repeated use of racial slurs.

25.    The racial discrimination to which Ms. Westover was subjected would have detrimentally affected a reasonable person in her position.

26.    Defendant's failure to maintain a workplace free from racial discrimination was intentional, malicious, and in reckless indifference to Ms. Westover's protected federal rights.

27.    As a consequence of Defendant's discriminatory actions and failures to act, Ms. Westover was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

28.    As a result of Defendant's discriminatory actions, Ms. Westover has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and she has been subjected to great damage to her career and professional standing.

29.    The actions of Defendant set forth above constitute violations of Ms. Westover's federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, Bethany Westover, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT II

### VIOLATIONS OF 42 U.S.C. §1981

30.    All prior paragraphs are incorporated herein as if set forth fully below.

31.    At all times relevant herein, Ms. Westover maintained or sought to maintain a contractual relationship with Defendant (i.e., an employment relationship).

32.    At all times relevant herein, Defendant acted by and through its agents, servants, and employees, to intentionally discriminate against Ms. Westover on the basis of her race and thereby deny her the benefits of the contractual relationship she had entered into with Defendant.

33.    Ms. Westover has suffered damages as a direct result of Defendant's unlawful actions as aforesaid.

6

**WHEREFORE**, Plaintiff, Bethany Westover, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT III

### TITLE VII VIOLATIONS
### Sex-Based Discrimination/Harassment

34.    All prior paragraphs are incorporated herein as if set forth fully below.

35.    Ms. Westover was subjected to discrimination on the basis of her female sex in violation of Title VII.

36.    Defendant violated Title VII by allowing Mr. Price to treat Ms. Westover differently than his male Service Technicians and to harass her on the basis of her sex.

37.    The sex-based discrimination to which Ms. Westover was subjected would have detrimentally affected a reasonable person in her position.

38.    Defendant's failure to maintain a workplace free from sex discrimination was intentional, malicious, and in reckless indifference to Ms. Westover's protected federal rights.

39.    As a consequence of Defendant's discriminatory actions and failures to act, Ms. Westover was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

40.    As a result of Defendant's discriminatory actions, Ms. Westover has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and she has been subjected to great damage to her career and professional standing.

41.    The actions of Defendant set forth above constitute violations of Ms. Westover's federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, Bethany Westover, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT IV

## VIOLATIONS OF THE PHRA

42.    All prior paragraphs are incorporated herein as if set forth fully below.

43.    This is an action arising under the provisions of the PHRA and this Court has and should exercise pendant jurisdiction over the same because the cause of action complained of in this Count IV arises out of the same facts, events, and circumstances as the preceding Counts, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

44.    By discriminating against Ms. Westover on the basis of her race and/or national origin and her sex, Defendant violated her state rights under the PHRA, which prohibits such discrimination with respect to the continuation and tenure of employment.

45.     As more fully set forth in the preceding Counts, Ms. Westover has suffered, directly and solely as a result of Defendant's actions, great pecuniary loss, damage, and harm, and will continue to suffer the same for the indefinite future.

**WHEREFORE**, Plaintiff, Bethany Westover, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Bethany Westover, prays that the Court enter judgment in her favor and against the Defendant, Turner Automotive Corp., d/b/a Turner Kia, and that the Court enter an Order as follows:

a.     Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on the basis of her race, national origin, sex, and/or any basis prohibited under applicable federal and state law;

b.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on their race and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but

not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination and/or retaliation at the hands of Defendant until the date of verdict;

d.    Plaintiff is to be awarded actual and punitive damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

e.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

f.    Plaintiff is to be awarded Punitive damages as provided for under 42 U.S.C. § 1981;

g.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i.    Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure

Defendant does not engage – or ceases engaging – in illegal retaliation against Plaintiff or other witnesses to this action; and

j.    The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

Weisberg Cummings, P.C.

May 1, 2019
Date

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@mwcfirm.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@mwcfirm.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@mwcfirm.com

*/s/ Stephen P. Gunther*
Stephen P. Gunther (PA 324203)
smahan@mwcfirm.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)
*Attorneys for Plaintiff*